T.C. Summary Opinion 2009-54

UNITED STATES TAX COURT

DARLENE MARTINEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21379-07S.          Filed April 21, 2009.

Darlene Martinez, pro se.

<u>Kris H. J. An</u>, for respondent.

LARO, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.

_____

[1] Unless otherwise indicated, section references are to the
applicable versions of the Internal Revenue Code, and Rule
references are to the Tax Court Rules of Practice and Procedure.
Some dollar amounts are rounded.

Petitioner petitioned the Court to redetermine respondent's determination of an $8,591 deficiency in her Federal income tax for 2005. Following concessions, we decide whether petitioner failed to report income of $20,248. We hold she failed to report income of $5,248.

## Background

Some facts were stipulated. The stipulated facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in California when she petitioned the Court. She filed a 2005 Form 1040, U.S. Individual Income Tax Return (2005 return), using the filing status of "Head of household".

From at least February through December 2005, petitioner was employed full time as a housekeeper, and she was paid wages of $11,940. She reported the same on her 2005 return. During 2005, petitioner also performed janitorial services for two individuals as an independent contractor. On her 2005 return, petitioner reported $12,955 of gross income and $5,118 of net income from her sole proprietorship.[2] Petitioner reported no other income on her 2005 return.

Respondent determined that petitioner lacked "adequate records" for her sole proprietorship. Respondent therefore obtained petitioner's bank records and prepared a bank deposits analysis in order to compute petitioner's gross income. On the basis of respondent's analysis, respondent determined that

---

[2]Petitioner now agrees that her net income is no less than $8,628 because she was not entitled to deduct insurance and gasoline expenses totaling $3,510.

petitioner had $20,248 of unexplained deposits which respondent then determined was unreported income. Petitioner acknowledges that she received the $20,248 determined by respondent to be unreported income.

During 2005, petitioner was the leader of a cundina. Cundinas are informal savings plans in which many individuals in the petitioner's community regularly participate. In a cundina, various participants in the plan entrust the leader with their money for later return to the participants without addition or subtraction. At various times during 2005, approximately 10 individuals entrusted their money to petitioner as the leader of a cundina. Each participant was a good friend of petitioner's or a member of the friend's extended family. Generally, each participant transferred $100 to petitioner on an irregular basis (e.g., sometimes weekly, sometimes semi-weekly, sometimes monthly) primarily by depositing $100 into petitioner's bank account. A participant sometimes gave $100 directly to petitioner, in which case petitioner deposited the $100 into her bank account along with any other similar amounts that she had recently received directly from the other participants. As of the end of 2005, petitioner returned to that participant the full amount of money that the participant had transferred to petitioner.

Petitioner allowed each participant to use other participants' money without paying interest. In that case, petitioner allowed one participant during each week to borrow

funds from the cundina corpus in increments of $100 up to a maximum of $1,000. Each participant who borrowed money from the cundina paid back his or her borrowing over a maximum of 10 weeks through his or her transfers of $100 to petitioner.

During 2005, the participants in the cundina transferred $15,000 to petitioner, and petitioner returned all of that amount to the participants. Petitioner received no compensation for serving as the leader of the cundina.

## Discussion

The bank deposits method for computing unreported income has long been sanctioned by the judiciary. See Factor v. Commissioner, 281 F.2d 100, 116 (9th Cir. 1960), affg. T.C. Memo. 1958-94; DiLeo v. Commissioner, 96 T.C. 858, 867 (1991), affd. 959 F.2d 16 (2d Cir. 1992). Bank deposits are prima facie evidence of income. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Where a taxpayer has failed to maintain adequate records as to the amount and source of his or her income and the Commissioner has determined that the deposits are income, the taxpayer bears the burden of proving that the Commissioner's determination is incorrect. Petitioner therefore bears the burden of proving that none of the $20,248 was income to her.

Petitioner claims that the $20,248 is not income to her because it is attributable to the cundina in which she was the leader. Respondent disputes this claim, arguing that no correlation exists between the deposits into and withdrawals out of petitioner's bank account that would support petitioner's

claim.  Respondent concedes, however, that petitioner should prevail if we believe that she and her primary witness, a participant in the cundina, testified credibly.

Petitioner and her witness testified credibly and without contradiction as to events occurring during 2005.  Petitioner testified that she regularly received $100 from the various individuals who participated in the cundina for which she was the leader and that she returned to each participant any cash that she received from the participant.  The witness testified that she participated at least twice in the cundina of which petitioner was the leader and that each time the witness transferred to and received back from petitioner the same amount of money.  The witness also explained that she transferred her money to petitioner so that the money would not be easily accessible to the witness to spend.  The witness identified by name three other participants in the cundina and identified various other participants by description.

The record also includes credible documentary support for the referenced testimony.  Petitioner's bank statements for 2005 show 80 deposits totaling $15,000, each in the separate amount of $100 or an increment of $100.  The bank statements also show 96 withdrawals in like amounts totaling just slightly more than $15,000.

We hold that $15,000 of the $20,248 of unreported income determined by respondent was attributable to petitioner's receipts and disbursements of other people's money.  We thus hold

that $15,000 of the $20,248 is not unreported income. As to the remaining $5,248 determined by respondent to be unreported income ($20,248 - $15,000 = $5,248), petitioner has failed to prove that any of the $5,248 was attributable to a nontaxable source. We thus sustain respondent's determination as to the $5,248.

Decision will be entered under Rule 155.